IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ABEL BARRAGAN-CHAVEZ, ] | |
| ] | |
| Movant, ] | |
| ] | |
| vs. ] | CIVIL ACTION NO. 02-IPJ-RRA-8069-NE |
| ] | CRIMINAL NO. 01-IPJ-RRA-0494-NE |
| ] | |
| THE UNITED STATES OF AMERICA, ] | |
| ] | |
| Respondent. ] | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255. The movant, Abel Barragan-Chavez, was convicted in this court on January 15, 2002, on his plea of guilty to one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2)(Count 1). He was sentenced on April 23, 2002, to a term of imprisonment for 57 months. He did not appeal the conviction or sentence.

In support of his motion to vacate, Barragan-Chavez claims that his attorney was constitutionally ineffective because "he failed to move to suppress all evidence obtain[ed] as a product of Movant's uncon[s]titutional stop." In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the motion is due to be denied because the claim is without merit. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal. The movant was advised that in responding to the motion for summary dismissal, he must supply the court with counter-affidavits and/or

documents to set forth specific facts showing that there are genuine issues of material fact to be decided. In response, the movant has filed an unsworn traverse.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland,* 466 U.S. at 691-92. In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland,* 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)). In other words, a "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell*, 506 U.S. at 369, 113 S. Ct. at 842. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is

a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S. Ct. at 370-71. *United States v. Peas*e, 240 F.3d 938 (11th Cir. 2001).

Barragan-Chavez claims that his attorney was ineffective for failing to file a motion "to suppress all evidence obtain[ed] as a product of Movant's uncon[s]titutional stop." However, he does not identify the evidence that was allegedly obtained as a result of the allegedly unconstitutional stop. From the record, it appears that the only evidence obtained as a result of the stop was his identification, from which the police discovered that Barragan-Chavez was an illegal alien with a criminal record, who had been previously deported from the United States.

The movant cannot establish that his attorney's failure to move to suppress all evidence obtained as a result of his allegedly illegal stop was inadequate. The United States Supreme Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Several circuit courts addressing suppression issues similar to the movant's, where an alien was indicted under 8 U.S.C. § 1326, have found that the alien's identification cannot be suppressed. *See e.g. United States v. Navarro-Diaz*, 420 F.3d 581, 584-585 (6th Cir. 2005); *United States v. Del Toro Gudino*, 376 F.3d 997, 1000-01 (9th Cir.2004); *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir.1999); *United States v. Cisneros-Cruz*, No. 98-1398, 1999 WL 444926, at *6 (10th Cir. June 30, 1999). This court agrees that, pursuant to the authority of *Lopez-Mendoza*, the movant's identity could not have been suppressed. Therefore, his attorney was not constitutionally ineffective for failing to file a motion to exclude his identity, and the motion to vacate is due to be denied.

An appropriate order will be entered.

DONE this 27th day of September, 2005.

                                                  INGE PRYTZ JOHNSON
                                                  U.S. DISTRICT JUDGE